No. 23,811.

W. M. Forbes et al., *Appellees,* v. John J. Main, *Appellant,* et al.

SYLLABUS BY THE COURT.

VACATION OF JUDGMENT—*Subsequent Insanity of Defendant—Vacation Refused.* One who was adjudged insane after an action to foreclose a real-estate mortgage had been commenced, summons had been served, judgment had been rendered, order of sale had been issued, and sale had been made and confirmed, cannot, after he has been discharged from the state hospital as restored to sanity and after the period of redemption from the sale has expired, successfully prosecute a proceeding in the foreclosure action to set aside and vacate the judgment, the order of sale, the sale, and the confirmation thereof, on the ground of his incapacity.

Appeal from Shawnee district court, division No. 1; JAMES A. McCLURE, judge. Opinion filed June 10, 1922. Affirmed.

*J. M. Stark,* and *W. H. Cowles,* both of Topeka, for the appellant.
*Hugh T. Fisher,* and *E. B. Smith,* both of Topeka, for the appellees.

The opinion of the court was delivered by

MARSHALL, J.: The plaintiffs recovered judgment by default foreclosing a real-estate mortgage given by John J. Main and Belle Main, his wife. Under that judgment, the property was sold, the sale was confirmed, and a sheriff's deed was issued to the plaintiffs. Afterward, John J. Main filed an application, the prayer of which read:

"This defendant prays that the judgment hereinbefore set out may be vacated as void and rendered without jurisdiction; and that if such relief be denied, then the order of sale and order of confirmation heretofore entered in this cause be vacated; and for such other and further relief as to the court shall seem proper."

The plaintiffs answered that application, trial was had, the application was denied, and John J. Main appeals.

Findings of fact and conclusions of law were made, as follows:

"1. On July 31st, 1917, plaintiffs filed the original petition in this case, praying for a foreclosure of a mortgage given by John J. Main and his wife, to secure a note of $300.00, dated April 9th, 1913, upon which the defendants were in default for payment of interest, and on the same day summons was personally served by the sheriff upon the defendant John J. Main and Belle Main, his wife. No answer was filed by either of said defendants, and judgment by default was rendered September 17, 1917, as set out in the petition to vacate the judgment.

Forbes v. Main.

"2. Thereafter and on November 3rd, 1917, the sheriff sold at public outcry to plaintiffs the real estate involved in this action for the sum of $420.27, being the amount of the judgment of $342.00, plus delinquent taxes, court costs and sheriff's fees.

"3. That on March 23rd, 1918, said sale was confirmed by order of the court, as set out in the petition to vacate the judgment.

"4. On October 2nd, 1918, the Probate Court of Shawnee County, Kansas, found the defendant, J. J. Main to be insane. A commission of examining physicians filed a report in said court wherein they stated 'that the disease is of two years duration, dating from the first symptoms of this attack'; that he shows the effect of alcoholism and suffering from delirium tremens, with rational intervals. That on said date defendant was committed to the State Hospital at Topeka, Kansas.

"5. That on April 30th, 1919, he was paroled from said institution by the order of the superintendent, and on March 9th, 1920, was discharged as restored to sanity by order of the superintendent of said institution.

"6. No guardian was at any time appointed for said J. J. Main.

"7. That on May 29th, 1919, the sheriff, in pursuance to the order of confirmation herein, deeded to plaintiffs the property foreclosed in this case, being Lot 135 and the North fifteen feet of Lot 137 on Polk Street in the City of Topeka.

"8. That at the time of said foreclosure sale and purchase by the plaintiff herein, said property was also subject to a first mortgage held by the Security Benefit Association in the sum of $1,000.00 upon which the defendants were in arrears for the payment of interest and the entire principal; and that said purchase by the plaintiffs upon said foreclosure sale was subject to such first mortgage.

"9. That the value of said property at the time of the foreclosure sale was between the sum of $1,750.00 and $2,000.00. Subsequently to said sale the plaintiff repaired said property and made valuable improvements thereon, considerably increasing the value of said property.

"10. Suit is now pending in this Court to foreclose the first mortgage held by the Security Benefit Association, and a personal judgment is sought against the defendant J. J. Main.

"CONCLUSIONS OF LAW.

"1. The judgment of foreclosure rendered herein was in all respects valid and legal and not subject to proceedings for vacating void judgments.

"2. That the property did not sell for so much less than its actual value at the time of the said sale that the said sale should be set aside for inadequacy of price."

Three propositions are presented: That the service of summons on John J. Main was void; that the judgment rendered thereon was likewise void; and that the sale, confirmation, expiration of time for redemption, and the making of the sheriff's deed were all during the period of his incapacity and therefore voidable on timely application. These propositions can be disposed of together.

The findings of the district court show that John J. Main was declared insane on October 2, 1918, and that the disease was of two years' duration dating from the first symptoms of the attack. He argues that this finding establishes that he was insane two years previous to the adjudication by the probate court. That is not the effect of the finding of the district court. That finding shows that Main was insane on October 2, 1918, but it does not show that he was insane at any time prior thereto. Symptoms of an attack of insanity are not insanity. Main's petition alleged that he was in a state of alcoholic dementia. Symptoms of alcoholic dementia are not equivalent to insanity. The foreclosure action was commenced, summons was served, judgment was rendered, order of sale was issued, sale was made, and the sale confirmed months before the probate court found that Main was insane. The period of redemption expired about seven months after the finding of the probate court. The summons, judgment, order of sale, sale, and confirmation were regular and cannot be avoided by Main in a proceeding of this character. After the confirmation, the only right he had was the right to redeem from the sale. During a part of the period of redemption, he was insane. On March 9, 1920, he was discharged from the state hospital for the insane at Topeka, as restored to sanity. This proceeding was commenced on July 6, 1920. If Main had any right after having recovered his sanity, it was the right to redeem from the sale. That right he did not claim and did not attempt to exercise. A foreclosure case somewhat closely parallel to the one under consideration is *Lundberg v. Davidson,* 72 Minn. 49, the syllabus to which reads:

"The fact that the mortgagor or the occupant of the mortgaged premises has become insane does not suspend the power of sale in the mortgage, or render void a sale under it. If the power is exercised in bad faith, for the purpose of using such disability to gain an improper advantage of the mortgagor, the courts will set aside the sale. But if the mortgagee and the purchaser at the sale acted in entire good faith, and in ignorance of the disability of the mortgagor, the mere fact that the property was bid off for much less than its value, and that the mortgagor was insane at the date of the sale, and so continued until after the expiration of the time of redemption, will not of itself entitle the mortgagor to have the sale set aside, or to redeem from it, after the expiration of the period of redemption allowed by statute, especially where the purchaser at the sale has entered into lawful possession of the premises, and made valuable repairs and improvements." .

Under the Lundberg case, Main would be denied the right to redeem from the sale in this action. No error appears.

The judgment is affirmed.